(Superior Court of Cincinnati.)
General Term, July, 1897.

OTTO SAUER, ADM'R OF THE ESTATE
OF AUGUST SAUER, DECEASED,
V. THE CINCINNATI STREET
RAILWAY COMPANY.

1. Section 5033 Revised Statutes of Ohio, provides that "when a corporation having more than fifty stockholders is a party in an action pending in a county in which the corporation, keeps its principal officers, or transacts its principal business, if the opposite party make affidavit that he cannot, as he believes, have a fair and impartial trial in that county, and his application is sustained by the several affidavits of five credible persons residing in such county, the court shall change the venue to the adjoining county most convenient for both parties." Held, that the court is not compelled to change the venue unless in the reasonable exercise of its discretion it is of the opinion that the application is sustained by the affidavits of five credible persons: and that in forming its opinion, the court will consider the sufficiency of the affidavits and the credibility of the affiants.

SMITH, J.

This case has been reserved for general term upon the motion of plaintiff for a change of venue, under Sec. 5033, Rev. Statutes of Ohio, which reads as follows: "When a corporation, having more than fifty stockholders, is a party in an action pending in a county in which the corporation keeps its principal officers, or transacts its principal business, if the opposite party make affidavit that he cannot, as he believes, have a fair and impartial trial in that county, and his application is sustained by the several affidavits of five credible persons residing in such county, the, court shall change the venue to the adjoining county most convenient for both parties."

In support of the application, the plaintiff has filed his own affidavit in which he states:

"That the defendant in the above entitled action is a corporation, and has more than fifty (50) stockholders in said Hamilton county, Ohio, in which the said defendant keeps its principal office and in which county the said action is now pending, and that this affiant cannot, as he believes, have a fair and impartial trial in the said county."

In addition to his own affidavit, the plaintiff has filed the affidavits of five other persons, two of whom are his attorneys. The affidavits are in the same form as that of plaintiff, and after stating that the defendant is a corporation, such as is described in Sec. 5033, conclude with the statement that: "the affiant believes that the plaintiff cannot have a fair and impartial trial in the above entitled action in the said county."

The contention of the plaintiff is, that by the filing of these six affidavits, he has complied with the requirements of the statute and that the court must change the venue to an adjoining county."

The contention of the defendant is, that the affidavits are insufficient in failing to state any facts from which an inference can be drawn that the plaintiff cannot have a fair trial: that even if they were not insufficient for this reason, nevertheless the court must exercise a discretion in determining whether the affiants are credible; and furthermore that the law is unconstitutional in that it grants to one party in the case a right which it denies to the other, and thus does not afford to both the equal protection of the law.

It is undoubtedly true that the affidavit of the party himself need only state, "that he cannot, as he believes, have a fair and impartial trial." But the law requires that, "his application must be sustained" by the affidavits of "five credible persons:"

And the controversy turns upon the construction of the words "sustained" and "credible persons."

The plaintiff insists that the application is sustained if the five additional affidavits are each to the effect that the affiant believes the plaintiff cannot have a fair trial, and the affiants are credible persons; that all persons are presumed to be credible until the contrary appears; and that therefore the application in this case "is sustained by the several affidavits of five credible persons."

It is further insisted by the plaintiff that Sec. 5032 provides for a change of venue in a hearing upon the question whether "a fair and impartial trial" can be had in the county where the suit is pending, and that Sec 5033 is intended to furnish a summary proceeding dispensing with the hearing of evidence upon both sides of this question except that the court may hear evidence of one kind bearing upon the credibility of the affiants viz. as to their reputation for truth and veracity.

That the general assembly by sec. 5033 intended to provide a more summary proceeding than is provided for in sec. 5032 must be conceded. But it does not necessarily follow from this concession that the court has no discretion in determining whether the affidavits filed "sustain" the "application," and whether they are by "credible persons."

The admission of plaintiff, that affidavits may be filed by the defendant attacking the credibility of the affiants by showing their general reputation for truth and veracity would seem to be inconsistent with his contention, that the statute is one which deprives the court of any discretion in determining whether the application is sustained by the affidavits of credible persons. Because, after the evidence as to general reputation has been submitted, the court must weigh it and determine its force. If, too, the question of credibility of the witnesses may be determined by evidence. dehors the affidavits. it would seem that there could be no satisfactory reason for limiting such evidence to the general reputation of the affiants for

truth and veracity, but that any evidence bearing upon that question and showing malice, bias or prejudice should be admitted. And evidence showing a condition of affairs different from that detailed in the affidavits, should be heard. For what stronger evidence that the affiants were not credible could be submitted than facts showing that plaintiff could have a "fair and impartial trial." The result of this proceeding would be to open up an inquiry and a discussion not substantially different from that provided for in Sec. 5032.

What is it necessary that the five sustaining affidavits shall contain in order to meet the requirements of the statute? It is insisted by plaintiff that the mere belief of such an affiant that the plaintiff cannot have a fair and impartial trial, is sufficient, without the statement by the affiant of any fact, or even reason for entertaining such belief. Such belief may be formed solely from the conversations with a party or with the counsel in the case and from an entirely incorrect or misleading statement of the situation; yet the belief formed in this matter is to be accepted as of sufficient solemnity and force that the trial of the cause is to be removed to another county. We cannot bring ourselves to believe that the general assembly intended to give such weight to mere belief without respect to the facts upon which it is founded or the source from which it arises

Nor do we think that the court is so bound by the presumption that all persons are credible, that it must accept the statements of the affiants as true. If so, then a party with counsel and relatives, both' men and women, many of whom may be entirely ignorant or misinformed in respect to the question whether the party can have a fair trial, by mere affidavits that they believe he cannot have such a trial, may transfer the case to an adjoining county.

In our opinion the correct construction of this statute is one which confers a discretion upon the court, and which does not make the court a ministerial officer, as is the clerk of the court, under section 550, when an affidavit is filed charging the judge with being disqualified. The same conclusion has been reached by the court of common pleas, and also the circuit court of this county. (State ex rel. Smith v. Wilson, 12 C. C. 636-638.)

In the exercise of this discretion, a majority of the court are of the opinion that the application in the case should be denied, and it will therefore be so ordered.

The determination of this application upon the ground indicated makes it unecessary for us to consider the question as to the constitutionality of the statute.

The same order will be made in the case of Wright, Admr., v. The Cincinnati Street Railway Co.

Hunt, J. concurs. Jackson, J. dissents.

Thos. L. Michie, John W. Wolfe, for plaintiff. J. W. Warrington, E. W. Kittredge, John B. Boutet, for defendant.